INTERNATIONAL SOC. v. INTERNATIONAL SOC. et al.

(Supreme Court, Special Term, New York County. August 14, 1899.)

TRADE NAME—CORPORATE NAME—INJUNCTION.

Plaintiff was an established corporation, organized and doing business under the name of the "International Society," and engaged in publishing and selling books and periodicals. Defendants, co-partners, opened a rival establishment opposite plaintiff's place of business, adopting as trade names "International Society," and "The International Society of Literature and Bookbinders' League," to attract trade. *Held*, that plaintiff was entitled to an injunction prohibiting the use of these names.

Bill by the International Society against the International Society and others. Motion by plaintiff for an injunction pendente lite. Granted.

Lenney & Donovan, for plaintiff.

Frederick S. Martyn, for defendants.

McADAM, J. In this case the plaintiff, an old-established and well-known corporation, organized under the name "International Society," opened an office on Fifth avenue, borough of Manhattan, this city, where it carries on the business of dealing in books, papers, and periodicals, and of publishing and binding books. Thereafter the defendants, Rideal and Martin, who are co-partners, opened a rival establishment on Fifth avenue, directly opposite the plaintiff's place of business, taking as their trade names "International Society" and "The International Society of Literature and Bookbinders' League." Injury to the plaintiff and confusion and inconvenience have followed therefrom. As to the name "International Society," the act of the defendants constitutes a clear case of piracy; and their act in regard to the second name is not much better, for their second name does nothing less than describe the plaintiff by its name and business, combining the two in the one title. Locating directly opposite the plaintiff, and engaging in a similar business, under a like name, show a preconceived design on the part of the defendants to mislead the public and to obtain, by reason of the similarity of names, business rightfully belonging to and intended for the plaintiff. The plaintiff's right to an injunction in such a case is too clear to admit of serious discussion. The law protects the right of a corporation to use its own name, and an injunction lies to restrain a simulation and use by individuals, or even another corporation, subsequently created, which tends to cause confusion, and enable such individuals or other corporation to obtain, by reason of the similarity of names, the business of the first corporation. Farmers' Loan & Trust Co. v. Farmers' Loan & Trust Co. of Kansas, 21 Abb. N. C. 104.

Motion for injunction granted, with $10 costs.